J-S13008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF
PENNSYLVANIA

Appellee

v.

FRANCISCO ALGARIN,

Appellant | No. 2212 EDA 2016

Appeal from the PCRA Order Entered June 28, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0928871-1993

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 07, 2017**

Appellant, Francisco Algarin, appeals *pro se* from the post-conviction court's June 28, 2016 order denying, as untimely, his third petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546.  We affirm.

Briefly, in October of 1992, Appellant was arrested and charged with various offenses, including murder, based on his act of shooting and killing Mina Myers.  After Myers' murder, Appellant "hired a man to physically assault" a witness to whom Appellant had confessed, and "the man fulfilled the contract by beating [that witness] with a metal rod."  PCRA Court Opinion (PCO), 10/19/16, at 3 (citations to the record omitted).  Following a

---

[*] Former Justice specially assigned to the Superior Court.

jury trial in June of 1994, Appellant was convicted of first-degree murder, conspiracy, aggravated assault, intimidation of a witness, and firearm violations. "The jury deadlocked following a penalty phase hearing, so the court imposed a sentence of life imprisonment on the murder conviction and lesser consecutive terms of incarceration on the remaining charges on October 26, 1994." *Id.* at 1. Appellant filed a timely direct appeal and, after this Court affirmed his judgment of sentence, our Supreme Court denied his petition for allowance of appeal on August 12, 1997. *Commonwealth v. Algarin*, 698 A.2d 104 (Pa. Super. 1997) (unpublished memorandum), *appeal denied*, 701 A.2d 574 (Pa. 1997).

The PCRA court summarized the ensuing procedural history of Appellant's case as follows:

> In August of 1998, [Appellant] filed his first PCRA petition, *pro se*. Counsel was appointed and subsequently filed a *Turner/Finley* no-merit letter.[3] The PCRA court denied the petition and permitted counsel to withdraw. The Superior Court affirmed the PCRA court's order on November 10, 1999.[4] The Pennsylvania Supreme Court denied *allocatur* on April 4, 2000.[5]
>
>> [3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).
>>
>> [4] *Commonwealth v. Algarin*, 748 A.2d 1248 (Pa. Super. 1999) (unpublished memorandum).
>>
>> [5] *Commonwealth v. Algarin*, 757 A.2d 927 (Pa. 2000).
>
> On March 16, 2006, [Appellant] filed his second *pro se* PCRA petition. The PCRA court dismissed the petition as untimely on May 29, 2006. The Superior Court affirmed the PCRA court's order on April 20, 2007.[6]

[6] ***Commonwealth v. Algarin***, 928 A.2d 1117 (Pa. Super. 2007) (unpublished memorandum).

> On December 8, 2015, [Appellant] filed the current *pro se* collateral petition captioned as a *habeas corpus* petition. [Appellant's] supplemental petition for *habeas corpus* relief, filed February 10, 2016, was reviewed jointly. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served with notice of the court's intention to dismiss his PCRA petition on April 19, 2016. [Appellant] filed a response to the court's Rule 907 notice on April 29, 2016. The [PCRA] court dismissed [Appellant's] petition as untimely and denied *habeas corpus* relief on June 28, 2016. [Appellant] timely filed the instant notice of appeal to the Superior Court on July 6, 2016.

PCO at 2 (one footnote omitted).

While the PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, it filed a Rule 1925(a) opinion on October 19, 2016. Herein, Appellant raises the following three issues for our review, which we have reordered for ease of disposition:

> A. Whether the [PCRA] court abused its discretion in dismissing Appellant's Petition for Writ of *Habeas Corpus Ad Subjiciendum* where the verdict [for] First Degree Murder … was in error in that the [c]ourt did not have jurisdiction of the matter, where the Criminal Information filed in this action were [*sic*] fatally defective since it failed to recite all of the essential elements of the offense and failed to inform Appellant of the precise charge he was required to defend against at trail [*sic*]?
>
> B. Whether the Pennsylvania Penal Statute 18 Pa.C.S. § 1102(a) violates due process, is unconstitutional, and void under the vagueness doctrine?
>
> C. Whether the [PCRA] court abused its discretion in dismissing Appellant's Petition for Writ of *Habeas Corpus Ad Subjiciendum* since he is confined absent a Sentencing Order required by 42 Pa.C.S. § 9764(a)(8)?

Appellant's Brief at 3.

- 3 -

Preliminarily, we must review the court's decision to treat Appellant's first two claims as being cognizable under the PCRA, despite that Appellant raised them in a petition for writ of *habeas corpus*. This Court has explained:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; **Commonwealth v. Haun**, 613 Pa. 97, 32 A.3d 697 (2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*

**Commonwealth v. Taylor**, 65 A.3d 462, 465–66 (Pa. Super. 2013) (internal citations and footnote omitted).

Here, in Appellant's first issue, he contends "that because the criminal information charging him was deficient, subject matter jurisdiction never vested in the trial court." PCO at 3; **see also** Appellant's Brief at 8-10. The court concluded that Appellant's "challenge pertaining to the trial court's jurisdiction was cognizable under the PCRA[,]" citing 42 Pa.C.S. § 9543(a)(2)(viii) (providing that a claim that a conviction or sentence resulted from "[a] proceeding in a tribunal without jurisdiction" is cognizable under the PCRA). The court did not err in this decision. Based on section 9543(a)(2)(viii), it is clear that the PCRA affords relief for the type of claim raised by Appellant in his first issue.

The same is true for the second issue presented by Appellant, wherein he argues "that he was sentenced pursuant to an unconstitutional statute,

18 [Pa.C.S.] § 1102(a)…." PCO at 4. Again, we agree with the PCRA court's decision that this issue is cognizable under the PCRA, as it "implicate[s] the legality of [Appellant's] sentence…." **Id.** (citing 42 Pa.C.S. § 9543(a)(2)(vii)); **see also** 42 Pa.C.S. § 9542 (stating that the PCRA "provides for an action by which … persons serving illegal sentences may obtain collateral relief"); **Commonwealth v. Hockenberry**, 689 A.2d 283, 288 (Pa. Super. 1997) (concluding that a challenge to the legality of a sentence is cognizable under the PCRA).

Accordingly, Appellant's first two issues were properly treated as PCRA claims by the court. Thus, in reviewing the court's denial of those claims, we assess whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

    **(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).   Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in November of 1997, making his instant petition filed in December of 2015 patently untimely.  Thus, for this Court to have jurisdiction to review the merits of Appellant's first two issues, he must prove that they meet an exception to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).  Appellant has completely failed to satisfy this burden.  In his principal brief to this Court, Appellant does not mention, let alone plead or prove the applicability of, any timeliness exception.  In his reply brief, he simply contends that his first two issues are not subsumed under the PCRA and, thus, the timeliness requirement does not apply to those claims.  For the reasons stated *supra*,

we disagree.  Because Appellant's first two issues are cognizable PCRA claims, and he has failed to plead or prove the applicability of any timeliness exception, the PCRA court did not err in dismissing those two issues.

In Appellant's third claim, he contends that the Department of Corrections (DOC) lacks legal authority to detain him because it "does not possess a lawful court order signed by the sentencing court authorizing any lawful restraint."  Appellant's Brief at 11.  Appellant claims that the DOC's failure to have a written sentencing order in his case violates 42 Pa.C.S. § 9764(a)(8) (stating that "[u]pon commitment of an inmate to the custody of the [DOC], the sheriff or transporting authority shall provide to the institution's records officer or duty officer, … (8) [a] copy of the sentencing order and any detainers filed against the inmate which the county has notice").

Preliminarily, this Court has treated "a claim that a defendant's sentence is illegal due to the inability of the DOC to 'produce a written sentencing order related to [his] judgment of sentence' [as] constitut[ing] a claim legitimately sounding in *habeas corpus*."  **Joseph v. Glunt**, 96 A.3d 365, 368, 369 (Pa. Super. 2014).  Accordingly, Appellant's argument in this regard is not subject to the PCRA's one-year time limitation.

Nevertheless, we ascertain no abuse of discretion by the PCRA court in rejecting Appellant's petition for writ of *habeas corpus* premised on this argument.[1] In ***Joseph***, the appellant contended,

> that the use of the word "shall" in section 9764 establishes a mandatory requirement that the DOC must satisfy in order to establish its jurisdiction to detain a prisoner. Consequently, [the appellant] claims that the DOC's inability to produce a copy of this sentencing report constitutes a fatal failure that should result in his immediate release.

***Joseph***, 96 A.3d at 370.

In rejecting the appellant's argument, the ***Joseph*** panel held that,

> [t]he language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. **Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.**

_____

[1] We note that:

> Under Pennsylvania statute, *habeas corpus* is a civil remedy [that] lies solely for commitments under criminal process. *Habeas corpus* is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available. Our standard of review of a trial court's order denying a petition for [a] writ of habeas corpus is limited to [an] abuse of discretion.

***Joseph***, 96 A.3d at 369 (internal citations and quotation marks omitted).

- 8 -

*Id.* at 371 (footnote omitted; emphasis added). Thus, under *Joseph*, Appellant is not entitled to any relief even if the DOC does not possess a written copy of his sentencing order, as he claims.

We note that Appellant attempts to distinguish his case from *Joseph*. However, his confusing argument is unconvincing. It seems that Appellant's position is that, unlike in *Joseph*, the certified record in his case does not demonstrate that "the authorization for [his] incarceration" came from a judge, but that his sentence was only "certified by a clerk…." Appellant's Brief at 13. The record belies this contention, as it demonstrates that on October 26, 1994, Appellant was sentenced by The Honorable Jane Cutler Greenspan of the Court of Common Pleas of Philadelphia County. Appellant acknowledged this fact in his post-sentence motion filed shortly after his sentence was imposed. *See* Appellant's Post-Sentence Motion, 11/7/94, at 1 ("On October 26, 1994, Judge Greenspan resentenced [Appellant] to life imprisonment as to murder and also imposed sentence as to other Bills on which [Appellant] had been convicted."). Accordingly, Appellant's attempt to distinguish his case from our decision in *Joseph* is unconvincing. Rather, we conclude that the PCRA court did not abuse its discretion by relying on *Joseph* to reject Appellant's argument that he is entitled to relief based on the ostensible violation of section 9764(a)(8).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/7/2017</u>